UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUSAN J. PHILLIPS, | CASE NO. C09-0246-MJP-MAT |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Susan J. Phillips appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") which denied her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff was born in 1963, and was 45 years old on the date of the ALJ's decision. Administrative Record ("AR") 30. She has a high school education. (AR 30-31.) Her past

work experience includes employment as a janitor. (AR 33-34.) Plaintiff was last gainfully employed in 2004. (AR at 13, 26.)

Plaintiff asserts that she is disabled due to degenerative disc disease, degenerative joint disease, obesity, hypertension, affective disorder, anxiety-related disorder, personality disorder, and substance abuse. (AR 13-15, 152.) She asserts an onset date of January 1, 2005. (AR 11, 26-27.)

The Commissioner denied plaintiff's claim initially and on reconsideration. (AR 11, 66-78.) Plaintiff requested a hearing, which took place on October 10, 2008. (AR 23-61.) On November 25, 2008, the ALJ issued a decision finding plaintiff not disabled. (AR at 11-22.)

The Appeals Council denied plaintiff's request for review, (AR at 1-3), making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On February 25, 2009, plaintiff timely filed the present action challenging the Commissioner's decision. (Dkt. No. 1.)

## II. JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV. DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff has not engaged in substantial gainful activity since the alleged onset date of January 1, 2005. (AR

13.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff has the following severe impairments: degenerative disc disease, degenerative joint disease, obesity, hypertension, affective disorder, anxiety-related disorder, personality disorder, and substance abuse disorder. (AR 13-15.) Step three asks whether a claimant's impairments meet or equal the requirements of a listed impairment. The ALJ found that plaintiff did not have an impairment or combination of impairments that meet or equal a listed impairment. (AR 15-16.) If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ assessed plaintiff's physical RFC:

> [Plaintiff] has the residual functional capacity to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk about 6 hours in an 8-hour workday, and sit about 6 hours in an 8-hour workday. The [plaintiff's] ability to push and pull is unlimited within the lift/carry guidelines. The [plaintiff] can frequently climb ramps and stairs, and occasionally climb a ladder, ramp, or scaffold. She can frequently balance and kneel, and occasionally stoop, crouch, and crawl. The claimant should avoid concentrated exposure to vibrations, as well as fumes/odors, dusts, gasses, poor ventilation, etc. She should also avoid concentrated exposure to hazards, such as machinery and heights.

(AR 16-17.) The ALJ also assessed plaintiff's mental capacity:

> [Plaintiff] has the mental capability to adequately perform the mental activities generally required by competitive, remunerative, unskilled work as she can understand, remember, and carry out simple instructions compatible with unskilled work. [Plaintiff] possesses an average ability to perform sustained work activities (i.e. can maintain attention and concentration; persistence and pace) in an ordinary work setting on a regular and continuing basis (i.e. 8 hours a day for 5 days a week, or equivalent) within customary tolerances or employers rules regarding sick leave and absence. [Plaintiff] is able to make judgments commensurate with the functions of unskilled work (i.e. simple work-related

> decisions), respond appropriately to supervision, co-workers and work situations, and deal with changes all within a routine work setting. The [plaintiff] should not deal with the general public in a regular fashion, however, incidental contact is acceptable.

(AR 17.) The ALJ found that plaintiff is able to perform her past relevant work as a janitor. (AR 20.) If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett v. Apfel*, 180 F.3d 1094, 1099-1100 (9th Cir. 1999). Although the ALJ concluded that plaintiff is able to perform her past relevant work, the ALJ also found that plaintiff could perform other work existing in significant numbers in the national economy, such as deli cutter/slicer, housekeeper, and bottle packer. (AR 21-22.) Accordingly, the ALJ concluded that plaintiff is not disabled. (AR 22.)

Plaintiff argues that the ALJ erred in (1) evaluating the medical evidence; (2) evaluating her credibility; and (3) evaluating whether her impairments meet or equal a listed impairment. (Dkt. No. 15.) She requests remand for an award of benefits or, alternatively, for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed. (Dkt. No. 16.) For the reasons described below, the Court agrees with the plaintiff.

    A.    Medical Opinion Evidence

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater

opportunity to know and observe the patient as an individual." Magallanes, 881 F.2d at 751; 20 C.F.R. § 404.1527(d)(1)-(2). "Likewise, greater weight is accorded to the opinion of an examining physician than a non examining physician." *Andrews*, 53 F.3d at 1041.

However, under certain circumstances, a treating or examining physician's opinion can be rejected, whether or not that opinion is contradicted by other medical evidence of record. *Magallanes*, 881 F.2d at 751. An ALJ must give clear and convincing reasons for rejecting a treating or examining physician's opinion if that opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (*citing Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (*citing Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Id.*

"Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the Court credits] that opinion as 'a matter of law.'" *Lester v. Chater*, 81 F.3d 821, 830-34 (9th Cir. 1995)(finding that, if doctors' opinions and plaintiff's testimony were credited as true, plaintiff's condition met a listing) (*quoting Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989)). Crediting an opinion as a matter of law is appropriate when, taking that opinion as true, the evidence supports a finding of disability. *See Smolen*, 80 F.3d at 1292 (ALJ's reasoning for rejecting subjective symptom testimony,

physicians' opinions, and lay testimony legally insufficient; finding record fully developed and disability finding clearly required).

However, courts retain flexibility in applying this crediting as true theory. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding for further determinations where there were insufficient findings as to whether plaintiff's testimony should be credited as true). As stated by one district court: "In some cases, automatic reversal would bestow a benefits windfall upon an undeserving, able claimant." *Barbato v. Comm'r of Soc. Sec. Admin.*, 923 F. Supp. 1273, 1278 (C.D. Cal. 1996) (remanding for further proceedings where the ALJ made a good faith error, in that some of his stated reasons for rejecting a physician's opinion were legally insufficient).

    1.    *Thomas Schneider, M.D., and Joan E. Miller, M.D.*

The plaintiff argues that the ALJ erroneously relied on the opinion of non-examining state agency physician Joan E. Miller, M.D., over the opinion of treating physician Thomas Schneider, M.D., without a clear and convincing basis. (Dkt. No. 15 at 14-15.) The Commissioner responds that the ALJ properly considered the opinion of Dr. Schneider and gave it "some weight," but found his conclusion that plaintiff could perform only sedentary work inconsistent with the medical evidence. (Dkt. No. 16 at 10-12.)

Dr. Schneider was plaintiff's primary care provider at Family Health Associates for more than eleven years from approximately January 1997 through June 2008. (AR 266-438, 530-44, 594-601, 574-79.) Dr. Schneider examined the plaintiff on June 4, 2008, and reported his findings on a Physical Evaluation form provided by the Department of Social and Health Services ("DSHS"). (AR 573-79). He diagnosed plaintiff with "marked" low back pain

which interferes with her ability to sit, stand, walk, lift, carry, and bend. (AR 576.) He opined that she is unable to balance, bend, climb, crouch and kneel for more than five minutes. *Id.* He further opined that plaintiff was limited to sedentary work, which is defined on the DSHS form as "the ability to lift ten pounds maximum and frequently [2.5 to six hours in an eight-hour day] lift and/or carry such articles as files and small tools. A sedentary job may require sitting, walking, and standing for brief periods." *Id.* Dr. Schneider indicated that plaintiff is treated with analgesics and anti-inflammatories which control her pain, but provide no resolution. (AR 575.) He recommended physical therapy and "possibly injection therapy or surgery." (AR 577.)

The ALJ noted that since Dr. Schneider's physical evaluation, plaintiff "has engaged in physical therapy with positive results, as predicted by Dr. Schneider." (AR 19.) The ALJ concluded that "[a]s the treating physician, and having been correct regarding his prescription for physical therapy, some weight must be afforded Dr. Schneider's opinion." (AR 19.) Nevertheless, the ALJ relied on the contrary opinion of non-examining state agency physician Dr. Miller to find that plaintiff could still perform a wide range of light work.

On June 23, 2008, Dr. Miller completed a Physical Residual Functional Capacity Assessment. (AR 565-72.) Dr. Miller listed plaintiff's "primary diagnosis" as lumbar degenerative disc disease, degeneration joint disease, and scoliosis; plaintiff's "secondary diagnosis" as hypertension; and "other alleged impairments" as asthma, abdominal wall hernia, and obesity. (AR 565.) Dr. Miller concluded that "[plaintiff's] allegations are not fully supported by the serial evidence in file." (AR 567.) She opined that plaintiff can lift 20

pounds occasionally and 10 pounds frequently, stand and/or walk for 6 hours in an 8-hour day, sit for a total of 6 hours in an 8-hour day, and is unlimited in pushing or pulling.  (AR 566.)

The ALJ stated, "Dr. Miller is a non–examining physician, and as such her opinion generally will not be afforded as much weight as those of treating physicians." (AR 19.) However, the ALJ concluded that "her opinion deserves some weight, particularly in a case such as this where the objective medical evidence is supportive.  Dr. Miller is an objective party, and unlikely to be sympathetic or prejudiced towards or against the [plaintiff.]" *Id.*  For these reasons, the ALJ gave Dr. Miller's opinion "substantial weight" and adopted her findings in determining plaintiff's physical residual capacity. *Id.*

In this case, the ALJ's rejection of Dr. Schneider's opinion was neither specific nor legitimate.  Nor was it supported by substantial evidence.  The ALJ merely mentions that since Dr. Schneider's physical evaluation, "plaintiff has engaged in physical therapy with positive results."  (AR 19.)  While plaintiff's six physical therapy visits yielded "notable improvement," there is no indication that plaintiff has the ability to work on a sustained basis. (AR 604.)  Contrary to the ALJ's assertions, her physical therapist notes plaintiff's back pain level is 6/10, and she is still unable to walk more than two minutes.  (AR 603.)  Although the ALJ indicates that objective medical evidence supports Dr. Miller's assessment, he fails utterly to set out a detailed and thorough summary of the facts and conflicting evidence.  The ALJ had the discretion to reject Dr. Schneider's opinion in favor of the conflicting opinion of another physician, but only after "setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Connett*, 340 F.3d at 874.

The ALJ also states that Dr. Miller's opinion is somehow more credible because she is

01  "an objective party, and unlikely to be sympathetic or prejudiced towards or against the
02  [plaintiff.]"  (AR 19.)  "An examining doctor's findings are entitled to no less weight when
03  the examination is procured by the claimant than when it is obtained by the Commissioner . . .
04  [t]he Secretary may not assume that doctors routinely lie in order to help their patients collect
05  disability benefits."  *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995)(citation and quotation
06  omitted); *see also Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)(noting that source of
07  patient's referral was improper basis for assessing doctor's credibility, where doctor's opinion
08  was based on an examination of claimant, where there was no inconsistency between his report
09  and his treating notes, and where there was no evidence of any actual improprieties or evidence
10  that doctor was attempting to mislead the ALJ).  The record does not show any bias on the part
11  of Dr. Schneider, and the ALJ is not permitted to infer that such bias exists.  This asserted
12  advocacy is not a legitimate reason to reject or discredit Dr. Schneider's opinion.

13  On remand, the ALJ should reassess the findings of Dr. Schneider who is, after all, one
14  of the plaintiff's physicians, the opinions of which the ALJ purportedly assigned "some
15  weight." (AR at 19.)  To the extent the ALJ relies on the opinion of non-examining state
16  agency physician Dr. Miller to reject the opinion of Dr. Schneider on remand, the ALJ must
17  explain where and how these physicians' conclusions differ.  As stated above, "[t]his can be
18  done by setting out a detailed and thorough summary of the facts and conflicting evidence,
19  stating his interpretation thereof, and making findings;" in doing so, the ALJ must "explain why
20  [his findings], rather than the doctors', are correct."  *Reddick*, 157 F.3d at 725 (citations
21  omitted).  To that end, should significant differences be established, the ALJ must keep in
22  mind that "[t]he opinion of a nonexamining physician cannot by itself constitute substantial

evidence that justifies the rejection of the opinion of . . . an examining physician." Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006)(internal citations omitted).

2. *Jenny Walter, PA-C*

In order to determine whether a claimant is disabled, an ALJ may also consider lay witness testimony, such as testimony by nurse-practitioners, physicians' assistants, and counselors, as well as "non-medical" sources, such as spouses parents, siblings, and friends. *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006); 20 C.F.R. § 404.1513(d). Such testimony regarding a claimant's symptoms or how an impairment affects her ability to work is competent evidence, and cannot be disregarded without comment. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). This is particularly true for such "non-medical" sources such as nurses and physicians' assistants. *See* SSR 06-03p (noting that because such persons "have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists," their opinions "should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.") If an ALJ wishes to discount the testimony of a lay witness, he must provide "reasons that are germane to each witness" and may not simply categorically discredit the testimony. *Dodrill*, 12 F.3d at 919.

Here, the ALJ appeared to completely ignore, and indeed failed to even mention, the records and opinions of physicians' assistant Jenny Walter, PA-C (AR 606-10, 611-59), who offered opinions regarding the severity of plaintiff's back impairment. This complete lack of analysis constitutes reversible error that must be corrected on remand. *See*, e.g., Stout, 454

F.3d at 1053 (concluding that even non-medical lay testimony "cannot be disregarded without comment").

B. Credibility

Because this case is being remanded for the reasons detailed above, the Court eschews an exhaustive analysis of the ALJ's credibility determination. In light of the fact that the Court has found that the ALJ failed to properly evaluate the opinions of Dr. Schneider and the testimony of Ms. Walter, and because credibility determinations are inescapably linked to conclusions regarding medical evidence, 20 C.F.R. § 404.1529, the ALJ's credibility finding is also reversed and the issue remanded. After re-evaluating the medical evidence of record, the ALJ will be in a better position to evaluate the plaintiff's credibility. To this end, the ALJ is reminded that he must do more than make general findings; rather, when evaluating a claimant's credibility, the ALJ "must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006)(internal quotations omitted). On remand, the ALJ should properly assess plaintiff's testimony, and provide clear and convincing reasons for rejecting it should such a conclusion be warranted.

C. Listed Impairments

Because this case is being remanded for the reasons detailed above, the Court likewise eschews a detailed analysis of whether plaintiff's impairments meet or medically equal any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). In light of the fact that the Court has found that the ALJ failed to properly evaluate the opinions of Dr. Schneider and the testimony of Ms. Walter, and because determinations regarding

whether an impairment meets or equals any of the listed impairments are closely tied to conclusions regarding medical evidence, the ALJ's step three determination is also reversed and remanded. On remand, the ALJ shall explain his findings step three, including an analysis of whether plaintiff's physical and mental impairments individually or combined meets or equals one of the listed impairments.

## V. CONCLUSION

Because the ALJ erred by failing to provide legally sufficient reasons for rejecting the opinions of Dr. Schneider, erred by improperly assessing testimony from "other sources" pursuant to 20 C.F.R. § 404.1513(d), erred by improperly discrediting plaintiff's subjective complaints, this case is REVERSED and REMANDED for further proceedings not inconsistent with this Order. On remand, the ALJ should reevaluate the medical evidence regarding plaintiff's mental and physical impairments, reassess and give proper weight to the opinion of Dr. Schneider, reevaluate plaintiff's RFC and reassess plaintiff's credibility, taking into consideration "other source" testimony of Ms. Walter. To the extent that the plaintiff's impairments and/or limitations are modified on remand, the ALJ should recall a Vocational Expert ("VE") at step five, and propound a hypothetical to the VE that incorporates all impairments and limitations supported by substantial evidence in the record. With this information, the ALJ should then apply all appropriate steps of the sequential evaluation process to determine whether plaintiff's severe impairments render her disabled for purposes of Titles II and XVI of the Social Security Act. A proposed order accompanies this Report and Recommendation.

///

DATED this 6th day of January, 2010.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -14